Mr. Justice James
delivered the opinion of the court.
This was a hill filed to obtain the construction of a will. The case was heard on bill and answer. It appears that the late Ann W. Smith, of this District, left by her will, among other things, 280 shares of the stock of the Washington Gaslight Company to Jane Owen Mahon in trust for the complainant. The paragraph of the will referred to is as follows:.
“I hereby give, devise and bequeath to my daughter Jane Owen Mahon, wife of David W. Mahon, of the city of Washington'aforesaid, and to her heirs and assigns, two hundred and eighty shares of stock of the Washington Gaslight Company [and some other things] in trust for the advantage and behoof of my said daughter Mary Ann Gibbons ; and that after my decease the said Jane Owen Ma-hon, her heirs and assigns, shall cause the dividends of said stock and the interest of said bonds, as they accrue, to be paid to my said daughter Mary Ann Gibbons, during her lifetime, without percentage of commission or diminution of principal. And in case ot the death of the said Mary Ann Gibbons, then the said stock, bonds and income, shall revert to the estate of my said daughter, Jane Owen Mahon, without encumbrance or impeachment of waste.”
The answer shows that the accumulated profits of the gas *136 company were, from time to time, expended in. extending the plants of their works, and that in the meantime dividends were declared and paid, and that the latter were regularly paid over to the cestui que trust by the defendant.
After the plant had accumulated so that it was double its original; value, Congress, by the act of May 24, 1866, increased the capital stock of the gaslight company to one million dollars, for which the company was authorized, of course, to issue stock. Two hundred and eighty additional shares were issued to this trustee, and upon the whole, the original and the new two hundred and eighty shares, she continued for some years to pay the dividends to the cestui que trust. But now the cestui que trust claims that these two hundred and eighty shares should be transferred to her on the ground that, as they represent profits earned and declared by the company, they really belonged to her under the terms of the will.
As a proposition of law, a corporation has a right, within reasonable grounds and in good faith, to reserve and apply its profits to the increase of the plant, and the stockholders hold their stock subject to this right. The company is the legal owner of the whole plant and of the capital, in trust, of course, for the stockholders; but the stockholder is entitled to the profits only when the company, acting in good faith and reasonably, shall divide them; but not until then.
These earnings, then, went into the plant and were not divided. The company lawfully reserved them. When, under this act of Congress, it came to issue new stock, the stock was in ro sense a dividend. Certificates of stock are simply the representative of the interest which the stockholder has in the capital of the corporation. Before the issue of these two hundred and eighty new shares this trustee held precisely the same interest in this increased plant in the capital of the corporation that she held afterwards. She merely had a new representative of an interest that she already owned, and which was not increased by the issue of the new shares. A dividend is something with which the corporation parts. But they parted with nothing in issuing *137 this new stock. They simply gave a new evidence of ownership which already existed. They were not in any sense, therefore, dividends for which this trustee had to account to the cestui que trust. She stood after the issue of the new shares just as she had stood before, and the trustee was obliged to treat them just as she did, namely, as a part of the original, and to pay the dividends to the cestui que trust.
It is hardly worth while to dwell upon any other proposition. We are of opinion that these new shares were simr ply representative of the interest that the trustee already had in the corpus. They were not, in any sense, a dividend. They came into her hands in trust just as the old shares came into her hands; and, as we have said, are, in fact, but an additional representative of a corpus, which, before this issue, was represented by the original shares of stock. The life legatee is entitled to receive, therefore, only the dividends declared on all of these five hundred and sixty shares. The corpus itself is held by the trustee for the ben ©fit of the remainderman.